FILED

2011 Apr-19  AM 11:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| **RODNEY CUNNINGHAM,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **vs.** ) | **Case No. 1:10-CV-8016-VEH-TMP** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondents.** ) | |

## MEMORANDUM OPINION

On February 9, 2011, the magistrate judge filed his report and recommendation finding that the instant petition should be treated as filed pursuant to 28 U.S.C. § 2241, and dismissed without prejudice due to the court's lack of jurisdiction. Petitioner filed his objections to the report and recommendation on February 28, 2011, followed later by a request that the court clarify the sentence imposed on him on April 10, 2009.  Having now carefully reviewed and considered *de novo* the report and recommendation, the objections to it, and all other matters in the court file, the court finds that objections are due to be and hereby are **OVERRULED**, and the report is **ADOPTED** and the recommendation of dismissal without prejudice is **ACCEPTED**.

At the outset, the court agrees with the magistrate judge that the instant petition must be read as one seeking relief under 28 U.S.C. § 2241, rather than § 2255. The essential allegation in the petition is that the Bureau of Prisons refuses to give petitioner credit for the ten months time he spent in custody between December 2008, when the State of Alabama granted him parole, and September 2009, when the parole went into effect. Petitioner was serving a sentence imposed by the State of Alabama when this court issued a writ of *habeas corpus ad prosequendum* in June 2008, to bring his body before the court for prosecution. Nonetheless, he remained a prisoner of the State of Alabama, only "borrowed" by this court for prosecution; although in the physical custody of the United States Marshal, he continued to be an Alabama prisoner, receiving credit against the service of his Alabama sentence. In December 2008, the State of Alabama granted petitioner parole *to be effective on September 8, 2009*. He now argues in the instant petition that he should be given credit against his federal sentence for the time after parole was granted but before it became effective because, during that time, he was physically in the custody of the United States.[1] Because his petition challenges the calculation of credits toward *service* of his sentence, petitioner seems to be seeking § 2241 relief against the Bureau of Prisons'

---

[1] The nature of the claim is clarified in petitioner's traverse to the United States' response. There he makes clear that he is claiming the ten-month period between the granting of parole and its effective date, and he is not claiming ineffective assistance of counsel.

calculation of service credits, rather than challenging the validity of his conviction or sentence.

Having determined that the petition seeks § 2241 relief, it is equally clear, under the Supreme Court's decision in Rumsfeld v. Padilla, 542 U.S. 426, 124 S. Ct. 2711, 159 L. Ed. 2d 513 (2004), that this court has no subject-matter jurisdiction over the petition and can do nothing but dismiss it without prejudice to petitioner's right to re-file in the proper district. The petitioner does not dispute that, at the time of the filing of the petition, he was incarcerated in a federal prison in South Carolina. It is in that district that his respondent custodian (the warden of the prison in which he was incarcerated) is located and where he must file his petition. As the Supreme Court explained in Rumsfeld:

> The habeas statute's "respective jurisdictions" proviso forms an important corollary to the immediate custodian rule in challenges to present physical custody under § 2241. Together they compose a simple rule that has been consistently applied in the lower courts, including in the context of military detentions: Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement.

Id., at 427-428.  Because petitioner's § 2241 challenge to his present custody in South

Carolina had to be filed in a district court in that state, this court has no jurisdiction

and must dismiss without prejudice.

Alternatively, insofar as the petition may be read as alleging a claim for relief

under 28 U.S.C. § 2255, based on the allegation that the petitioner's plea agreement

was breached when the BOP refused to give him credit for the ten months between

December 2008 and September 2009, the claim is meritless.  Although the magistrate

judge did not address this claim, the court has conducted a *de novo* review, and finds

the claim meritless because such credit formed no part of the agreement under which

petitioner entered his August 2008 guilty plea.

Having examined the written plea agreement, there is nothing in it regarding

credit for time after parole was granted but before it became effective.  Indeed, the

agreement was executed almost four months *before* the parole was granted, so it is

unlikely the parties ever anticipated the question.  Given the time sequence, it is not

surprising that the agreement is silent concerning credit for time after parole is

granted.  Similarly, the plea colloquy occurred in August 2008, *before* the State of

Alabama granted the parole in December 2008.  Petitioner could not have relied on

the then-unknown fact of his parole four months later in deciding whether to enter his

guilty plea.  He could  not have been misled about or promised credit for post-parole

time because, at the time of the plea, he had not yet been paroled.  Lastly, nothing at

the sentencing hearing in April 2009 (after the parole had been granted, but before it

became effective in September 2009) explicitly addressed petitioner's custodian status

or any credit for post-parole time in custody.  It is true that the court made the general

statement that "the defendant will receive credit for all time he's been in custody

since arrest on the instant charge," (see Sentencing Transcript, Case Number 1:08-cr-

131-VEH-TMP, Doc. 25, p. 37), but this did not address anything other than the

standard award of jail credit where the defendant is in custody *solely* as a result of his

arrest on the federal charge.  That was not the case here until the parole became

effective and he came into federal custody on September 8, 2009.  That statement

cannot be read as attempting to award credit for time while the petitioner was still in

the legal custody of the State of Alabama.  In any event, such a statement at the

*sentencing* hearing could not form part of the agreement on which petitioner relied

in entering his guilty plea months earlier.  In short, the record simply refutes the

assertion that there was any agreement between petitioner and the government

concerning the time he remained in custody after parole was granted but before it

became effective.  Without an agreement, there can be no breach.

   At the time petitioner entered his guilt plea in August 2008, he had not yet been

paroled by the State of Alabama, and he could not have known that the parole would

be made effective on a future date thereafter.  Petitioner could not have relied on any representation about how that time period would be handled in entering his guilty plea, because neither he nor anyone else knew it would occur.  Petitioner's plea was not induced by any promise or representation unfulfilled by the government, and his claim of a breach in the plea agreement is meritless.  He received a sentence of 120 months, which was the statutory minimum he could received for the offense of conviction.

By separate order the court will dismiss without prejudice any claim petitioner is seeking to assert under 28 U.S.C. § 2241 for service credit against his sentence, and will dismiss with prejudice any claim asserted under 28 U.S.C. § 2255 for an alleged breached plea agreement.

**DONE** this the 19th day of April, 2011.

_____

**VIRGINIA EMERSON HOPKINS**
United States District Judge